IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IBNAWAAN SAFEEULLAH,<br>    Movant, | CRIMINAL NO.<br>1:10-CR-001-JEC-GGB |
| v. | CIVIL ACTION NO.<br>1:13-CV-01238-JEC-GGB |
| UNITED STATES OF AMERICA,<br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Ibnawaan Safeeullah ("Movant" or "Saffeeullah") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 97]. Movant seeks to challenge the constitutionality of his 190-month sentence that was imposed on January 19, 2011 [Doc. 73], following a guilty verdict returned by a jury on October 19, 2010 [Doc. 66]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 97]; and (2) the Government's response to Saffeeullah's petition [Doc. 102].

## I. BACKGROUND

### A. Procedural History

Safeeullah was indicted on January 5, 2010 for possession of a firearm by a convicted felon and possession of a stolen firearm. [Doc. 9]. Safeeullah moved to suppress evidence and statements that were obtained after he was stopped in a stolen vehicle on December 9. 2009. I held a suppression hearing on February 17, 2010. [Doc. 24]. I recommended that the motion to suppress be denied, and my recommendation was adopted by the district court on June 29, 2010. [Docs. 30, 33].

Safeeullah proceeded to trial on October 18, 2010 and was convicted on October 19, 2010 of both counts of the indictment. [Docs. 61, 66]. Safeeullah filed a Motion for Judgment of Acquittal and Alternative Motion for New Trial. [Doc. 67]. The district court denied that motion on December 3, 2010. [Doc. 70]. On January 19, 2011, the district court sentenced Safeeullah to 190 months on Count One and 120 months on Count Two, to run concurrently. [Doc. 73].

On January 24, 2011, Safeeullah filed a timely notice of appeal. [Doc. 75]. On January 31, 2012, the Eleventh Circuit Court of Appeals affirmed Safeeullah's conviction and sentence. [Doc. 93]. On April 16, 2012, the Supreme Court denied Saffeeullah's writ of certiorari. [Doc. 96].

On April 15, 2013, Safeeullah filed a Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody. [Doc. 97]. After receiving an extension of time, the Government filed its response on June 11, 2013. [Doc. 102].

### B. Facts

Safeeullah was a passenger in a stolen vehicle that was stopped by law enforcement officers on December 9. 2009. After the vehicle was stopped, officers removed Safeeullah from the vehicle and frisked him. Officers recovered a gun from Safeeullah's waistband. Safeeullah made statements to the officers after he was given *Miranda* warnings. Safeeullah was a convicted felon at the time the gun was found in his possession. [Docs. 30, 46].

Additional facts are discussed in context below.

## II. STANDARD OF REVIEW

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief

a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).  Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989).  Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).  As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

## III. DISCUSSION

Safeeullah was represented by Allison Dawson with the Federal Defender Program, Inc. from the time of his initial appearance until Albert Norton, Jr. was appointed to represent him on July 21, 2010.  [Docs. 2, 36]. Mr. Norton represented Safeeullah at trial and on appeal.

4

### A. Safeeullah's Claims

Safeeullah contends that his attorneys provided ineffective assistance in that they (a) failed to investigate and present evidence that would have exonerated him; (b) failed to investigate, challenge, or object to an unsigned waiver; (c) failed to object to improper comments by the prosecutor during closing arguments; (d) failed to file a motion to dismiss for violation of the Speedy Trial Act; and (e) failed to interview witnesses to find out if in fact he had been intimidated by the Government, which would have given him an opportunity for a new trial. [Doc. 97 at 10].

For reasons discuss below, I conclude that Safeeulah's attorneys did not provide ineffective assistance of counsel.

### B. Standard for Ineffective Assistance Claims

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below

an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). Additionally, to establish prejudice, a petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Since both prongs of the two-part *Strickland* test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

### C.    Discussion of Claims

#### 1.    Failure to obtain video recording of traffic stop

With regard to Safeeullah's claims that his attorneys failed to investigate and obtain evidence, Safeeullah alleges that his attorneys failed to obtain a video recording of the traffic stop. However, the record establishes that defense counsel asked whether the encounter between Safeeullah and the police was recorded. [Doc. 84 at 61; Doc. 85 at 105]. Government witnesses testified that they were not aware of any video recordings of the traffic stop at which Safeeullah was arrested or of his later interview. [*Id.*] Safeeullah has made no showing that video recordings

were in fact available.  Therefore, this claim of ineffective assistance on this point is without merit.

### 2. Failure to call Ali Alatif

Safeeullah also claims that counsel was ineffective for failing to investigate or call Ali Alatif, the driver of the vehicle, to testify.  [Doc. 97 at 49-50].  However, the record shows that counsel investigated and subpoenaed Alatif to testify during the trial. [Doc. 41]. However, Alatif declined to testify and indicated through counsel that he would invoke his right against self incrimination if called to testify.  [Doc. 84 at 128-131; Doc. 85 at 3-4].  Moreover, Safeeullah has failed to show how Alatif would have aided his defense.  Therefore, Safeeullah has failed to show that his counsel's performance was deficient on this point.

### 3. Failure to challenge advice of rights and waiver form

Safeeullah also argues that counsel was ineffective for failing to challenge the advice of rights and waiver form that he initialed and signed.  [Doc. 97 at 34]. Safeeullah argues that officers did not read him his rights until after the interview and that he only initialed and signed the form because that was the procedure, and he felt "pressured and intimidated by the agents use of force [and] aggressive behavior." [*Id.* at 35].  However, this argument fails because counsel filed motions to suppress both

7

statements and evidence in which he argued that Safeeullah's statements were involuntary. [Doc. 25 at 13-15]. Although the court rejected this argument, counsel was not ineffective in his handling of this issue.

### 4.  **Failure to object to government's closing argument**

Safeeullah alleges that his counsel was ineffective for failing to object to the Government's improper comment on his right to remain silent. [Doc. 97 at 37]. Defendant argues that his counsel was ineffective for failing to object to the following remarks by the prosecutor during closing argument:

> AND THERE'S BEEN NO EVIDENCE -- WHILE THE DEFENDANT DOESN'T HAVE TO TAKE THIS STAND AND THE DEFENSE COUNSEL HAS TO PUT ON NO EVIDENCE. THAT'S NOT THEIR JOB. THEY DON'T HAVE TO DO THAT. THE LAW SAYS THEY DON'T HAVE TO DO THAT. HOWEVER, WHEN HE'S GOING TO MAKE AN ARGUMENT TO YOU, YOU CAN SAY, WELL, WHERE IS THE EVIDENCE OF IT? WHERE IS THE EVIDENCE OF THESE OFFICERS NOT TELLING THE TRUTH? WHERE IS THE EVIDENCE THAT -- BECAUSE THAT'S A VERY SERIOUS CHARGE THAT HE'S GOT TO ARGUE IF THESE OFFICERS DIDN'T TELL THE TRUTH. THAT'S SERIOUS. WHEN YOU GET ON -- WHEN YOU RAISE YOUR RIGHT HAND ON THE STAND AND GET IN FEDERAL COURT OR ANY COURT AND SAY SOMETHING HAPPENED THAT DIDN'T HAPPEN, THAT IS SERIOUS. AND THE GOVERNMENT TAKES SERIOUS ANY -- ANY ARGUMENT, ARGUMENT, ANY ARGUMENT THAT THESE OFFICERS ARE NOT TELLING THE TRUTH. AND USE YOUR COMMON SENSE IN THIS CASE. THIS IS A COMMON SENSE CASE.

\* \* \* \* \*

> THERE HAS BEEN NO OTHER EVIDENCE, ZERO, NOTHING TO SUGGEST THAT THE GUN WAS NOT IN HIS WAISTBAND, NOTHING, NO EVIDENCE, NOTHING, NO WITNESS. THERE ARE OTHER OFFICERS ON THE SCENE. IF THIS DIDN'T HAPPEN, DEFENSE COUNSEL DOESN'T HAVE TO DO ANYTHING, BUT HE COULD CALL THEM AND SAY, WHAT HAPPENED? HE COULD INTERVIEW THEM AND SAY, WHAT HAPPENED? THAT DIDN'T HAPPEN IN THIS CASE. WHY? BECAUSE IT DIDN'T HAPPEN. EXACTLY WHAT HAPPENED IN THIS CASE TESTIFIED TO BY THE WITNESSES IS WHAT HAPPENED. IF THEY DIDN'T INTERVIEW THE DEFENDANT AT THE MOBILE COMMAND UNIT, DEFENSE COUNSEL CAN SUBPOENA WITNESSES TO COME IN AND SAY, WELL, YOU KNOW, HE DIDN'T EVEN GO THERE. BUT THEY DIDN'T EVEN DO THAT AT ALL. HE DIDN'T DO THAT. I WANT TO TALK TO YOU STRAIGHT WHAT THE OFFICERS SAID HAPPENED AND IT HAS NOT BEEN CONTESTED. IT HAS NOT BEEN SHOWN TO BE UNTRUTHFUL AT ALL.

[Doc. 85 at 166-67, 184].

The Fifth Amendment precludes a prosecutor from making a comment directly or indirectly on a defendant's failure to testify. *Griffin v. California*, 380 U.S. 609 (1965). However, "a defendant's fifth amendment privilege is not infringed by a comment on the failure of the defense, as opposed to the defendant, to counter or explain the testimony presented or evidence introduced." *United States v. Norton*, 867 F.2d 1354, 1364 (11th Cir. 1989).

AO 72A
(Rev.8/82)

Here, the challenged argument was that the defense, as opposed to the defendant, did not introduce evidence that the law enforcement officers who testified were untruthful. The prosecutor did not comment on Safeeullah's failure to testify other than to acknowledge that he did not have to testify. Accordingly, defense counsel did not provide ineffective assistance of counsel in failing to object to this argument or raise it on appeal.

### 5.   Failure to move to dismiss for Speedy Trial Act violation

Finally Safeeullah argues that his defense counsel was ineffective in failing to move to dismiss his case for a violation of the Speedy Trial Act. [Doc. 97 at 40-43]. Subject to numerous excludable time periods, a federal criminal trial must begin within seventy days from the date of the indictment or arraignment, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Section 3161(h)(1)(D) of the Act allows all of the time from the filing of a defense motion until "such time as the court has received everything it expects from the parties before reaching a decision — that is, such date as all anticipated briefs have been filed and any necessary hearing has been completed" — to be excluded from the speedy trial calculation. *United States v. Mers*, 701 F.2d 1321, 1336 (1983) (quoting Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the

Administration of the Speedy Trial Act of 1974, As Amended 33 (1979)). Once the court has received everything it expects from the parties, the matter is "under advisement." *Mers*, 701 F.2d at 1336. A maximum of thirty days is excludable time while the matter is under advisement. *Id.* Separate thirty-day periods are allowed for the Magistrate Judge and the District Court Judge. *Id.* at 1337.

Likewise, any period of delay that results from a continuance granted by the district court is excludable if the district court grants the continuance on the basis of a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This time period, however, is only excludable if the district court sets forth in the record, whether orally or in writing, its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*

The record shows the following excludable periods of time in this case: (1) the delay between pretrial motions and disposition of the motion to suppress (January 25, 2010 through at least June 29, 2010) [Docs. 17, 30, 32, 33]; and (2) a continuance granted by the Court (with the required findings) on July 19, 2010, excluding time from May 3, 2010 through 70 days from the appointment of new counsel to give the

attorneys reasonable time for effective preparation [Doc. 35]. New counsel was appointed on July 21, 2010; therefore, this continuance was in place until September 29, 2010 - - 70 days after appointment of new counsel. The excludable delay for these time periods shows that Movant's trial, which started on October 18, 2010, was within the 70-day time period in compliance with the Speedy Trial Act. Therefore, Movant has failed to show that trial counsel was deficient for failing to file a motion to dismiss.

Even if there was in fact a Speedy Trial Act violation, Safeeullah's ineffective assistance claim fails because he cannot show prejudice. In deciding whether to dismiss an indictment with or without prejudice where there has been a Speedy Trial Act violation, district courts are to consider, among others, the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

It is highly unlikely that the district court would have granted a dismissal with prejudice given the serious nature of the charged offense, the lack of intentional dilatory conduct on the part of the Government, and the fact that the delay did not prejudice Safeeullah. After a dismissal without prejudice, the Government surely

would have re-indicted Safeeullah on the same charge, and the outcome would have been the same. Thus, Safeeullah was not prejudiced by counsel's failure to move for dismissal under the Speedy Trial Act. *See Chambliss v. United States*, 384 F. App'x 897, 898-99 (11th Cir. 2010) (finding that § 2255 petitioner did not suffer prejudice when his counsel did not move to dismiss for Speedy Trial Act violation because dismissal would have been without prejudice and government would have re-indicted the case); *see also United States v. Rushin*, 642 F.3d 1299, 1310 n. 12 (10th Cir. 2011) (citing three circuits in addition to the Eleventh Circuit that have held that where an indictment would have been dismissed without prejudice, a defendant could not show prejudice based on trial counsel's failure to seek dismissal under the Speedy Trial Act); *United States v. De La Cruz*, No. CRIM.2001-10118-JLT, 2012 WL 769761, at *8 (D. Mass. Feb. 21, 2012) (same).

## IV. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner

13

satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## V.  CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 97] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 7th day of August, 2013.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)